IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, successor in interest to Park National Bank, successor in interest by merger to Pullman Bank and Trust,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SCREW & RIVET CORP., WILLIAM STEIN, and NANCY STEIN,<br><br>Defendants. | Case No. 09 C 7312 |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

U.S. Bank National Association ("US Bank"), successor in interest to Park National Bank ("Park National"), has sued American Screw & Rivet ("AS&R") and William and Nancy Stein. The Court has jurisdiction based on diversity of citizenship.

The suit concerns two promissory notes that AS&R executed in favor of Park National. AS&R executed the first note, for $500,000 plus interest, in November 2004, and the second note, for $367,400 plus interest, in November 2007. AS&R's obligations under each note were secured by a security interest in certain collateral. Each note required monthly payments in specified amounts and imposed late charges for tardy payments. Each note provided that in the event of default, AS&R had fifteen days from the receipt of written notice of default to cure the default or

take sufficient steps to cure.  The Steins provided written guaranties of AS&R's indebtedness.

US Bank acquired the assets of Park National, including the notes and guaranties, from the FDIC in late October 2009.  US Bank alleges that AS&R defaulted on the first note by failing to make the payment due on October 1, 2009.  US Bank received a monthly payment check on that note that it deposited on or about October 28, 2009 but claims this was applied to the payment that was due on September 1, 2009.  US Bank alleges that AS&R defaulted on the second note by failing to make the payment due on September 16, 2009.  US Bank does not state when it gave AS&R notice of either default; it says only that it demanded payment and defendants failed to pay.  See Jordan Affid. ¶ 31.

US Bank asserts claims for breach of contract against AS&R and breach of guaranty against the Steins.  US Bank requests an injunction directing AS&R to surrender the collateral that secures the notes.  It also seeks money damages of $316,080.11.  This figure includes the $20,766.03 in principal claimed to be due on first note, plus $10,342.92 in late charges and $1,484.91 in prejudgment interest, as well as a claimed principal balance of $248,792.94 on the second note, plus $5,889.92 in late charges and $19,629.99 in prejudgment interest.  US Bank's damage claim also includes $9,173.40 in attorney's fees.

US Bank has moved for entry of summary judgment on all of its claims.  In support, US Bank provides the relevant agreements and the affidavit of Jerry Jordan, a vice president of US Bank and custodian of US Bank's records regarding

this matter. Jordan states that US Bank's records show that AS&R missed the payment due on the first note on October 1, 2009 and failed to make any payments that were due after that. Jordan also states that AS&R missed the payment due on September 16, 2009 on the second note. He states that AS&R failed to cure either default. Jordan affirms that the amounts US Bank seeks as damages accurately reflect what is due.

AS&R argues in response that it was not in default on either note and that US Bank's records regarding receipt of payments are unreliable. AS&R offers the affidavit of defendant Nancy Stein, its treasurer. Ms. Stein testifies that on several occasions, Park National misapplied or misplaced payment checks; she sent to the correct address the final two payments that were due on the first note before receiving notice of the alleged default; and AS&R was in the process of renegotiating the terms of the second note loan when it is claimed to have defaulted. Ms. Stein also states that AS&R was not given notice of default until it was served with the complaint in this action, sometime after November 20, 2009. Based on this, AS&R contends the final two payments it made on the first note were timely.

## Discussion

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As the moving party, US Bank must show the absence of any genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321

(1986). The Court views the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

To prevail on a claim of breach of contract suit under Illinois law, US Bank must prove the existence of a contract, its performance of all conditions required by the contract, breach by the defendant, and resulting damages. *See Shubert v Federal Express Corp.*, 306 Ill. App. 3d 1056, 1059, N.E.2d 659, 661 (1999). In this case, the only dispute regrading liability concerns whether AS&R defaulted on the loans.

As the Court has indicated, US Bank has supported its motion with the affidavit of one of its vice presidents, Jerry Jordan. Jordan's affidavit contains a summary of US Bank's records supporting the contention that AS&R is in default on both notes. Jordan's affidavit also details amounts owed to US Bank. Defendants contend that the underlying records summarized in Jordan's affidavit are inadmissible hearsay.

The Court concludes that the records fall within the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6). To lay the foundation for this exception, Jordan must be the custodian of the records or the person who compiled them or must "have knowledge of the procedure under which the records were created." *United States v. Wables*, 731 F.2d 440, 449 (7th Cir. 1998). As long as he can establish the regular practices and procedures surrounding the creation of the records, the foundational witness does not have to be the one who personally gathered the records. *See Thanongsinh v. Bd. of Educ., Dist. U-46*, 462 F. 3d 762,

777 (7th Cir. 2006); see also, United States v. LeShore, 543 F.3d 935, 942 (7th Cir. 2008). Defendants contend that Jordan, an employee of US Bank, is not a qualified witness to attest to the reliability of the records that US Bank obtained from Park National, in other words, the records predating US Bank's October 2009 purchase of Park National's assets.

Though Jordan was not an employee of Park National, that does not mean he cannot lay the foundation for the records' admissibility. In United States v. Franco, 874 F.2d 1136 (7th Cir. 1989), the court allowed a federal agent to testify regarding the reliability of records of a third-party money exchange because he understood the system used to prepare those records, even though he could not identify the actual preparer of the records. Id. at 1139-40. A similar approach has been followed by other courts of appeal. See, e.g.. Saks Int'l, Inc. v. M/V Export Champion, 817 F.2d 1011, 1013 (2nd Cir. 1987) (foundation for tallies made by third-party dock checkers laid by an employee of the defendant who had witnessed the tallies being made); United States v. Parker, 749 F.2d 628, 633 (11th Cir. 1984) ("Nor is it required that the records be prepared by the business which has custody of them.") (internal quotation marks omitted). In addition, the fact that the testifying witness's business relies on the accuracy of the preparing business' records is a significant factor in deciding admissibility. See Air Land Forwarders, Inc. v. United States, 172 F.3d 1338, 1342 (Fed. Cir. 1999); United States v. Childs, 5 F.3d 1328, 1334 (9th Cir. 1993).

These factors are present here.  It is readily apparent that US Bank acquired the records of Park National when it purchased that bank's assets and that US Bank relies on those records in monitoring, performing, and collecting on contracts it acquired from Park National.  Jordan attests that he has access to all of US Bank's files and records and is familiar with US Bank's recordkeeping practices.  The Court concludes that he is a qualified witness under Rule 803(6) and that he has laid the foundation for the admissibility of the records offered to support US Bank's claim.

Jordan's affidavit does not include all of US Bank's relevant records; rather he details only the dates of default and the amounts due.  Under Federal Rule of Evidence 1006, "summaries of voluminous documents or records made in the regular course of business can be introduced as evidence by a competent witness." *See Diamond Shamrock Corp. v. Lumbermens Mut. Casualty Co.,* 466 F.2d 722, 727 (7th Cir. 1972).  A competent witness is one who "is familiar with the contents of voluminous records" whose testimony is "the general result of examination by a summary of their contents."  *In re Shelley Furniture, Inc.*, 283 F.2d 540, 543 (7th Cir. 1960).  There is no serious question that Jordan is competent to summarize the pertinent records.  And because the records were prepared in the regular course of business by Park National and US Bank, not in anticipation of trial, it does not matter that Jordan examined and summarized them for the purposes of this action. *See United States v. Draiman*, 784 F.2d 248, 256 n.6 (7th Cir. 1986).

In her affidavit, Ms. Stein states that she personally sent the final two payments due on the first note – the payments for October 1 and November 1 –

sometime during the first week of November 2009.  She states that she sent a properly addressed, certified check to Park National and that she was later advised that Park National had changed addresses and that the payment had been forwarded to the new address.  Ms. Stein cannot verify that this check has been negotiated, but US Bank offers nothing that directly contradicts her statement that she tendered the payments.

Although the payments Ms. Stein reference would have been late for both the October 1 and November 1 due dates, they arguably were sufficiently timely to ward off a default.  The first note stated that a default "may be cured (and no event of default will have occurred) if Borrower, after receiving written notice from Lender demanding cure of such default:  (1) cures the default within fifteen (15) days."  US Bank has offered no evidence regarding when it gave AS&R notice of the alleged default regarding the October or November payments; it says only that it "demanded payment" but that the defendants failed to pay.  *See* Jordan Affid. ¶ 31.  Under the circumstances, there is a genuine issue regarding whether AS&R cured by making payment in a timely fashion and thus whether it was actually in default on the first note.

The Court also notes that AS&R says it made a payment on the first note after October 1, 2009.  Exhibit B to Ms. Stein's affidavit is a check dated October 23, 2009 in the amount of $9,850.33 – the monthly payment amount on the first note – which US Bank accepted and negotiated on October 28, 2009.  This payment may have satisfied AS&R's October 1, 2009 payment obligation.  Though US Bank

7

claims this check was applied to a missed payment that was due on September 1, 2009, it offers nothing beyond an unsupported footnote in its reply to support the contention that there was a missed payment on that date.

By contrast, there is no genuine issue of material fact regarding defendants' liability on the second note. Ms. Stein states that during September and October of 2009, she was engaged in negotiations with Park National to modify the terms of the second loan. But defendants offer no evidence that contradicts US Bank's evidence that AS&R missed the payment due on September 16, 2009. They also offer no evidence that AS&R cured this default at any time after receiving notice of it (via the complaint in this case). US Bank is entitled to summary judgment on the issue of liability on its claims to the extent they concern the second note.

Under the guaranties they executed, the Steins are jointly and severally liable along with AS&R for the amounts due on the second note. There is no dispute regarding the terms of the second note, or the date of default. The principal amount remaining due on that note, $248,792.94, is undisputed and was due immediately as a result of the default. US Bank is also entitled to $39,015.42 in interest on the balance due through August 1, 2010, calculated at the rate of eighteen percent per annum ($122.69 per day for the 318 days from September 16, 2009 through August 1, 2010).[1] There is insufficient evidence, however, to establish the alleged late charges of $5,889.92. The Stein affidavit raises doubts about the reliability of US

---

[1] These figures will need to be updated to carry them through the date of this decision or the date on which any separate judgment is entered.

Bank's records regarding the dates of past late payments. Specifically, Ms. Stein says that on at least one occasion, Park National misplaced or lost a timely payment check that she had personally sent and that Park National applied payments to the wrong loan on several occasions.  This would permit a reasonable fact finder to determine that Park National incorrectly entered the exact dates of prior allegedly late payments.  Late charges on the second note are incurred only when a payment is late by ten days or more.  Further evidence will be required to establish the amount of any late charges due on the second note.

     US Bank also asserts a claim in detinue.  This requires US Bank to prove that it is entitled to possession of the detained property and that the defendants are wrongfully in possession of it.  *See Gary Acceptance Corp. v. Napilillo*, 86 Ill. App. 2d 257, 261, 230 N.E.2d 73, 76 (1967).  The agreement underlying the second note permits US Bank, upon default, to require AS&R to deliver the collateral or any portion of it to be held as security or applied to the balance due.  Because of AS&R's default on the second note, it is now wrongfully in possession of the two items of collateral listed in the agreement underlying that note.  The parties should be prepared to address at the upcoming status hearing the particulars of how defendants should be directed to deliver the collateral to US Bank.  The parties should also note that if the collateral on the second note is insufficient to satisfy the amount due on that note, based on the cross-collateralization provision US Bank may also be entitled to possession of all or part of the collateral pledged via the agreement underlying the first note.

**Conclusion**

For the reasons stated above, the Court grants plaintiff's motion for summary judgment [docket no. 22] to the extent it concerns the second promissory note at issue. The Court otherwise denies plaintiff's motion. The case is set for a status hearing on August 19, 2010 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 10, 2010